**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

March 26, 2019

James W. Owen, Sr., Esquire
James W. Owen, P.A.
Delaware Corporate Center II
Two Righter Parkway, Suite 125
Wilmington, Delaware 19803

Robert J. Valihura, Jr., Esquire
The Law Office of Robert J. Valihura, Jr.
3704 Kennett Pike, Suite 200
Greenville, Delaware 19807

RE: *James W. Owen, Jr., et al. v. Tavistock Civic Association, Inc.,*
C.A. No. 2017-0571-MTZ

Dear Counsel:

Plaintiffs and Counterclaim Defendants James W. Owen, Jr. and Jana L. Owen (the "Owens") have petitioned for costs and legal fees incurred in connection with this deed restriction action against Defendant and Counterclaim Plaintiff Tavistock Civic Association ("Tavistock"). The Owens seek court costs of $1,127.50 under Court of Chancery Rule 54(d), $5,340.40 in attorneys' fees incurred in connection with a motion to compel (the "Motion to Compel") under Court of Chancery Rule 37(a)(4)(C), and $18,906.16 in additional attorneys' fees under the bad faith exception to the American Rule. For the following reasons, I decline to shift costs under Court of Chancery Rule 54(d) or award attorneys' fees under the bad faith exception. I do, however, exercise my discretion to apportion the Motion to Compel expenses in the Owens' favor.

I.      **Background**

The Owens, homeowners in the Tavistock development, filed this case under

10 *Del. C.* § 348 seeking a judicial declaration that Tavistock improperly enforced a

deed restriction in denying the Owens' request to erect a privacy fence.  The Owens

also sought injunctive relief prohibiting Tavistock from enforcing the deed

restriction against them on the basis that it was unenforceable.

Tavistock moved for judgment on the pleadings, arguing that its board

decisions in applying the deed restriction were insulated by the business judgment

rule and the Owens did not plead facts sufficient to overcome that presumption.  On

February 21, 2018, serving as Master in Chancery, I heard argument on the motion

for judgment on the pleadings and issued an oral draft report concluding that

Tavistock's corporate status does not trump or render inapplicable this State's well-

settled contract law or statutory provisions under Section 348 regarding the

enforceability of deed restrictions.  No party took exceptions to the report, and it

became final on March 6, 2018, and was adopted as an order of this Court on March

19, 2018.

On June 8, 2018, the Owens moved to compel additional documents and

revised discovery responses, arguing that Tavistock was improperly limiting

discovery in two ways.  The first was temporal: despite Tavistock's representations

that it had consistently enforced the deed restriction since April 9, 1984, Tavistock limited its interrogatory responses and document production to the three years preceding this action. The second related to claims of privilege for documents and communications with a board member turned in-house counsel. The Owens sought both information as to when the board member began advising the board in a legal capacity, and the production of any non-privileged documents and communications.

Tavistock opposed the Motion to Compel and moved for a protective order. Tavistock argued that using April 9, 1984 as the starting point for discovery "for a fence dispute, was ridiculous, was abusive on its face," "outrageously excessive," and "abusive and outlandishly overbroad," and accused the Owens of using that time period "as a weapon to beat Tavistock into approving" the fence application.[1] Regarding the privilege concern, Tavistock explained that the in-house counsel began providing legal advice on May 3, 2017, and confirmed that it would withhold communications with her in connection with the provision of legal advice as privileged.

On August 14, 2018, I granted the Motion to Compel in part and denied it in part, ordering that (1) the discovery period for certain categories of documents would

---

[1] Docket Item ("D.I.") 44 at ¶¶ 14-15.

run from April 9, 1984 through the initiation of this action to allow discovery into Tavistock's assertions that "it has uniformly upheld the deed restrictions regarding fences from April 9, 1984, to the present," and (2) Tavistock could only assert privilege over the in-house counsel's documents dated after May 3, 2017, and should log all documents withheld as privileged.[2] I denied without prejudice the Owens' request for attorneys' fees in connection with the Motion to Compel.[3]

On September 11, 2018, Tavistock informed the Court that, a few days prior, Tavistock's board had passed two resolutions that permitted the Owens to construct their fence. Tavistock asked that discovery be stayed and the action be dismissed as moot. The Owens agreed that the action was mooted and that a stay of discovery was appropriate, but requested leave to petition for fees and costs prior to dismissal of the action. The Owens so petitioned on October 22, 2018 (the "Petition"). Briefing on the Petition was completed on December 14, 2018, and oral argument was held on January 7, 2019. I grant the Petition in part and deny it in part.

---

[2] D.I. 51.

[3] *Id.* In denying the fee request, I referenced Section 348's fee-shifting provision, which muddied my explanation. As I clarified during oral argument on the Petition, that language did not foreclose a request for attorneys' fees or expenses under Court of Chancery Rule 37 or other exceptions to the American Rule. Hearing Tr. 44-45, January 7, 2019.

## II.     Analysis

Through the Petition, the Owens seek to shift fees and costs.  While the so-called American Rule dictates that each party is responsible for its own legal fees, this Court recognizes several exceptions, including the bad faith conduct of a party to the litigation[4] and where fees are authorized by statute.[5]  Likewise, the right of a party to recover court costs "depends on statutory authority, express or implied [and] Court of Chancery Rule 54 provides that costs shall be allowed as of course to the prevailing party unless the Court otherwise directs."[6]

The Owens seek recovery of fees and costs via three exceptions to the American Rule: (1) Court of Chancery Rule 54 (to shift costs as a prevailing party); (2) Court of Chancery Rule 37 (to shift expenses, including attorneys' fees, in connection with the Motion to Compel); and (3) the bad faith exception to the American Rule (to shift the remainder of the Owens' attorneys' fees incurred in this action).

---

[4] *Arbitrium (Cayman Is.) Handels AG v. Johnston,* 705 A.2d 225, 231 (Del. Ch. 1997).

[5] *See, e.g.*, 10 *Del. C.* § 348(e).

[6] *Comrie v. Enterasys Networks, Inc.*, 2004 WL 936505, at *4 (Del. Ch. Apr. 27, 2004) (internal citations and quotation marks omitted).

Tavistock argues that all three avenues are closed to the Owens because this deed restriction case was brought under Section 348, which provides for preemptive statutory fee shifting. I disagree. Section 348 provides in pertinent part: "The nonprevailing party ***at a trial*** held pursuant to the provisions of this section must pay the prevailing party's attorney fees and court costs, unless the court finds that enforcing this subsection would result in an unfair, unreasonable, or harsh outcome."[7] This narrow statutory exception to the American Rule requires prevailing "at a trial." Because this action was mooted and did not proceed to trial, Section 348(e) does not apply. Because Section 348(e) does not apply, it does not foreclose other avenues of shifting fees or costs.[8]

---

[7] 10 *Del. C.* § 348(e) (emphasis added).

[8] *See McCaulley Court Maint. Corp. v. Davenport*, 2018 WL 4030781, at *2 (Del. Ch. Aug. 23, 2018) (awarding costs under Rule 54 to the prevailing party in a Section 348 deed restriction case that did not proceed to trial), *adopted*, 2018 WL 4301338 (Del. Ch. Sept. 7, 2018); *see also Vill. of Fox Meadow Maint. Corp. v. Kinton*, 2016 WL 6995362, at *3 (Del. Ch. Nov. 14, 2016) (finding that "a fee-shifting deed restriction may operate independently from the fee-shifting provision of Section 348"); *Marriott v. Host Marriott*, 1993 WL 513230 (Del. Ch. Nov. 19, 1993) (addressing both a statutory ground for attorneys' fees and costs and the bad faith exception as coexistent alternative grounds).

A. **Because The Owens Are Not The Prevailing Parties, Costs Are Not Shifted.**

The Owens argue that they should be allowed their costs as prevailing parties because Tavistock approved their fence and mooted the main issue while this case was pending. Tavistock argues that because there was no settlement and the mooting occurred outside this litigation, there is no prevailing party.

Court of Chancery Rule 54(d) provides: "Except when express provision therefor is made either in a statute or in these Rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs." Section 348 does not expressly shift costs in cases that do not proceed to trial, and no other express statutory provision or rule applies, so Rule 54 permits costs to be shifted in favor of the prevailing parties in a deed restriction case that is resolved short of trial.[9]

This Court has found that a party prevailed through resolutions short of a judicial determination, like settlements and consents to judgment.[10] A party's actions outside of litigation (*e.g.*, board actions) can inform a determination of

---

[9] *See McCaulley Court Maint. Corp.*, 2018 WL 4030781, at *2 (awarding costs under Rule 54 to the prevailing party in a Section 348 deed restriction case that did not proceed to trial).

[10] *See, e.g.*, *FGC Holdings Ltd. v. Teltronics, Inc.*, 2007 WL 241384, at *18 (Del. Ch. Jan. 22, 2007) (finding a party prevailing in connection with a consent to judgment); *Nowak v. Nonantum Mills Maint. Corp.*, 2005 WL 1252401, at *2 (Del. Ch. May 18, 2005) (finding a party prevailing in connection with a settlement).

prevailing parties under Court of Chancery Rule 54. "Under Delaware law, a presumption of causation arises by chronology; that is, where claims against a defendant are mooted while litigation is pending, the actions mooting the claims are presumed to have resulted from the litigation."[11] This presumption applies here and is borne out by Tavistock's board minutes, which indicate that the board meeting was a "special meeting . . . called to ask the board, on advice of counsel, to vote on two resolutions with regard to litigation against the board."[12]

But the fact that Tavistock mooted this case because of this litigation does not end the prevailing party inquiry: the Owens must still prevail on "the merits of the main issue or . . . on most of [their] claims."[13] As the Owens represented during the Motion to Compel briefing, "[the Owens] brought this action to contest [Tavistock's] interpretation and enforcement of the Fence Restriction."[14] The mooting board actions amended "the policy of the Board with respect to the approval of fences,"

---

[11] *In re Riverbed Tech., Inc. Stockholders Litig.*, 2015 WL 5458041, at *7 (Del. Ch. Sept. 17, 2015), *judgment entered sub nom. In re Riverbed Tech., Inc.* (Del. Ch. 2015).

[12] D.I. 52.

[13] *eCommerce Indus., Inc. v. MWA Intelligence, Inc.*, 2013 WL 5621678, at *52 (Del. Ch. Sept. 30, 2013) (internal citations omitted).

[14] D.I. 47 at 3.

then approved the Owens' request.[15] These actions do not comprise a "win" for the Owens on the merits of Tavistock's previous interpretation and enforcement of the Fence Restriction. I conclude that the Owens have not "prevailed" on the issue for which they sought a judicial determination under Court of Chancery Rule 54.

Even if I were to find the Owens were the prevailing parties, I would exercise my discretion to withhold an award of costs.[16] The Owens ultimately won approval of their fence, and this litigation played a part. But the Owens knew about the deed restriction, and that their application would be rejected under that restriction, before they purchased their home. In my view, it would be inequitable to cause Tavistock to bear the costs of litigation the Owens knew they would initiate when they chose to purchase a home in Tavistock.

### B. Reasonable Motion to Compel Expenses Are Apportioned In the Owens' Favor.

I turn next to the Owens' application for attorneys' fees incurred in connection with the Motion to Compel. Because the Motion to Compel was granted in part and denied in part, the Owens' request falls under Court of Chancery Rule 37(a)(4)(C),

---

[15] D.I. 52.

[16] *See* Ct. Ch. R. 54 (d) (providing that "costs shall be allowed as of course to the prevailing party unless the Court otherwise directs").

which provides that the Court "may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[17] This subsection "leaves the assessment of fees to the discretion of the court,"[18] unlike Court of Chancery Rule 37(a)(4)(A), which mandates fee shifting for motions granted in full unless the opposing party's conduct was "substantially justified" or shifting would be unjust under the circumstances. I find that apportionment of reasonable fees is justified here because the Owens succeeded in nearly all of their requests in the Motion to Compel.

The Owens' Motion to Compel sought discovery from April 1984 to present rather than Tavistock's proposal of a three-year discovery period. The Owens also sought clarity over Tavistock's assertion of privilege related to its in-house counsel. Over Tavistock's objection, I concluded the longer time period was warranted in relation to fence requests, specified the bounds of privilege for the in-house counsel's documents, and ordered Tavistock to supply a privilege log. While Tavistock highlights that this was only a partial win for the Owens in that I limited the extended time period to specific requests and permitted Tavistock to withhold

---

[17] Ct. Ch. R. 37(a)(4)(C).

[18] *Pharmerica Long Term Care Inc. v. New Castle RX, LLC*, 2010 WL 5130746, at *1 (Del. Ch. Dec. 8, 2010).

documents as privileged, the vast majority of the Owens' requests were granted over Tavistock's objections.

Further, Tavistock's opposition to the proposed date range and Motion was not substantially justified.[19] Tavistock affirmatively, voluntarily, and repeatedly represented that it had interpreted and applied the deed restriction consistently since April 9, 1984, and relied on that representation in defense of this action. Yet Tavistock balked at discovery aimed to confirm its representation.[20] Tavistock's resistance was not substantially justified under the circumstances.

Because I find that Tavistock was not substantially justified in its opposition to the Motion to Compel and the Motion to Compel was largely granted in the Owens' favor, I exercise my discretion under Rule 37(a)(4)(C) to apportion the

---

[19] *See Kaye v. Pantone, Inc.*, 1983 WL 18012, at *2 (Del. Ch. Mar. 28, 1983) ("If a motion to compel is granted in part and denied in part the Court may apportion the reasonable expenses, but if the Court finds the opposition to production to be substantially justified, the allocation of expenses may be denied.").

[20] *See, e.g.*, D.I. 44 at ¶¶ 14-15 (arguing that, despite its own reliance on the 1984 date, using 1984 as the starting date for discovery "**for a fence dispute**, was ridiculous, was abusive on its face," and the time frame proposed was "outrageously excessive," "abusive and outlandishly overbroad" and "a weapon to beat Tavistock into approving" the fence application) (emphasis in original).

reasonable expenses incurred in bringing the Motion to Compel—the amount of which I conclude is $5,000.00—to Tavistock.[21]

### C. Fees Are Not Shifted Under the Bad Faith Exception.

Finally, I turn to the Owens' request for attorneys' fees based on alleged bad faith litigation conduct. The bad faith exception to the American Rule is premised on the theory that "when a litigant imposes unjustifiable costs on its adversary by bringing baseless claims or by improperly increasing the costs of litigation through other bad faith conduct, shifting fees helps to deter future misconduct and compensates the victim of that misconduct."[22] But "this quite narrow exception is applied in only the most egregious instances of fraud or overreaching."[23] "[A]nd the party seeking to invoke that exception must demonstrate by clear evidence that the party from whom fees are sought . . . acted in subjective bad faith."[24]

---

[21] The Owens submitted invoices showing $5,340.40 in legal fees incurred in connection with the motion to compel. D.I. 60, Ex. B-3 (entries preceded by "*"). In light of the factors identified in Rule 1.5(a) of the Delaware Lawyer's Rules of Professional Conduct and the discretion provided to me in Court of Chancery Rule 37(a)(4)(C), I cap those expenses at $5,000.00. *See Bragdon v. Bayshore Prop. Owners Assoc., Inc.*, C.A. No. 2017-0539-JTL (Del. Ch. Jan. 25, 2019) (ORDER).

[22] *Blue Hen Mech., Inc. v. Christian Bros. Risk Pooling Tr.*, 117 A.3d 549, 559-60 (Del. 2015).

[23] *Arbitrium (Cayman Is.) Handels AG*, 705 A.2d at 231-32.

[24] *Lawson v. State*, 91 A.2d 544, 552 (Del. 2014).

The Owens have not met this high bar. In briefing, the Owens argued that bad faith was evident in Tavistock's pre-litigation conduct, which unnecessarily required the filing and continuance of this litigation; misleading discovery conduct, necessitating the Motion to Compel; and alleged misrepresentations that Tavistock mooted the case out of financial and business concerns rather than as an inevitable concession to the Owens' claims.

Concerns over Tavistock's discovery conduct are fully addressed by apportionment of expenses in the Owens' favor under Court of Chancery Rule 37(a)(4)(C), as explained above. As to Tavistock's pre-litigation conduct and representations as to the mooting of this action, the Owens admitted that there was no clear evidence that Tavistock acted with subjective bad faith before or during this litigation.[25] Instead, the Owens suggested that if I "connect[ed] the dots,"[26] I would find bad faith. I make no such finding. I conclude that the Owens have failed to show clear evidence of subjective bad faith conduct by Tavistock or its counsel. No further fee shifting is warranted.

---

[25] Hearing Tr. 11.

[26] *See id.* at 11, 13-16.

### III. Conclusion

For the foregoing reasons, I hereby grant in part and deny in part the Owens'

Petition and award the Owens $5,000.00, representing the reasonable expenses

incurred in connection with the Motion to Compel under Court of Chancery Rule

37(a)(4)(C).

<div style="margin-left: 40%">

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

</div>

MTZ/ms